UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| DIANNE KNOX; WILLIAM L. BLAYLOCK; ROBERT A. CONOVER; EDWARD L. DOBROWOLSKI, JR; KARYN GIL; THOMAS JACOB HASS; PATRICK JOHNSON; JON JUMPER; and R. PAUL RICKER, On Behalf of Themselves and the Class They Seek to Represent,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>STEVE WESTLY, Controller, State of California; and CALIFORNIA STATE EMPLOYEES ASSOCIATION, LOCAL 1000, SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO-CLC,<br><br>　　　　Defendant. | NO. CIV. S 05-2198 MCE KJM<br><br>**TEMPORARY RESTRAINING ORDER** |

----oo0oo----

The above matter came before the Court upon Plaintiffs' Ex Parte Application for entry of a Temporary Restraining Order, filed on November 2, 2005. Following its review of the papers submitted on behalf of Plaintiffs, the Court conducted a hearing

1

1 at 4:30 p.m. that afternoon.  W. James Young appeared on behalf
2 of Plaintiffs; Jonathan Weissglass and Jeffrey B. Demain appeared
3 telephonically on behalf of Defendant California State Employees
4 Association, Local 1000, Service Employees International Union,
5 AFL-CIO ("CSEA").  No appearance was made on behalf of Defendant
6 Steve Westly.

   Issuance of a temporary restraining order, as a form of
preliminary injunctive relief, is an extraordinary remedy, and
Plaintiffs have the burden of proving the propriety of such a
remedy by clear and convincing evidence. *See* Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423, 442 (1974).  In order to warrant issuance of such relief, Plaintiffs must demonstrate either: 1) a combination of probable success on the merits and the possibility of irreparable injury; or 2) that serious questions are raised and the balance of hardships tips sharply in favor of granting the requested injunction. Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839-40 (9th Cir. 2001). These two alternatives represent two points on a sliding scale, pursuant to which the required degree of irreparable harm increases or decreases in inverse correlation to the probability of success on the merits. Roe v. Anderson, 134 F.3d 140-0, 1402 (9th Cir. 1998); United States v. Nutri-cology, Inc., 982 F.2d 1374, 1376 (9th Cir. 1985).  Under either formulation of the test for granting a preliminary injunction, however, Plaintiffs must demonstrate a significant threat of irreparable injury. Oakland Tribune, Inc. v. Chronicle Publ. Co., 762 F.2d 1374 (9th Cir. 1985).

   The propriety of a temporary restraining order, in

2

1 particular, hinges on a significant threat of irreparable injury
2 (Simula, Inc. v. Autoliv, Inc., 175 F.3d 716, 725 (9th Cir.
3 1999)) that must be imminent in nature. Caribbean Marine Serv.
4 Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).
5    Having considered the documents presented, and after hearing
6 arguments of counsel, the Court finds that Plaintiffs have
7 demonstrated a significant threat of irreparable injury given the
8 particular circumstances present in this case. Plaintiffs have
9 claimed, and Defendant CSEA has not controverted, that a
10 temporary assessment was made against union nonmembers for the
11 express purpose of defeating ballot initiatives to be determined
12 through the State of California's November 8, 2005 special
13 election. CSEA's August 31, 2005 letter (attached to Plaintiffs'
14 Complaint as Exhibit "D") makes it clear that the sole rationale
15 for said special assessment was to undermine the political
16 objectives encompassed by Propositions 75 and 76. Plaintiffs
17 have asserted that said deductions were taken without proper
18 notification and/or consent, and hence violated their First
19 Amendment rights by forcing them to support political and
20 nonbargaining activities at odds with their own personal
21 preferences.
22    Given the temporal proximity of the special election, any
23 monies that may have been improperly deducted from Plaintiffs'
24 paychecks may well be spent in a matter of days. In light of the
25 serious constitutional questions that are raised, this presents
26 an imminent risk of harm that will be irreparable if nonmembers'
27 deductions are used in contravention of their rights and wishes.
28 This imminent danger of irreparable harm tips the balance of

hardships in favor of granting emergency relief before said relief may effectively become moot in the wake of the November 8, 2005 election.  Plaintiffs' Application for Temporary Restraining Order is consequently GRANTED.  It is hereby ordered as follows:

    A.  Defendants, their officers, representatives, and all persons acting on their behalf, and all of them, are hereby temporarily restrained from taking payroll deductions from, or in any other way collecting that portion of agency fees seized from State of California employees employed in Bargaining Units 1,3,4, 11, 14, 15, 17, 20, and 21, who are represented exclusively for purposes of collective bargaining by Defendant CSEA, but who are not members of CSEA, as a result of the "temporary dues increase (1/4 of 1 percent of salary)" or assessment, approved by a vote of the CSEA General Council delegates on or about August 27, 2005, and effective September 1, 2005 ("Special Assessment");

    B.  Defendants, their officers, representatives, and all persons acting on their behalf, and all of them, are hereby ordered to place that portion of agency fees seized from nonmembers by Defendant Westly on or about Friday, September 30, 2005, and Monday, October 31, 2005 (state payroll dates), as a result of CSEA's special assessment, into the registry of the Court or a Court-supervised escrow account, until further order of the Court.

This Order shall remain in full force and effect pending

further order of this Court.  Given the time constraints imposed by the proximity of the November 8, 2005 special election, a hearing on Plaintiffs' request for a preliminary injunction is scheduled for Friday, November 4, 2005 at 10:00 a.m.  Opposition to Plaintiffs' request for injunctive relief in that regards shall be filed by Defendants not later than Thursday, November 3, 2005 at 2:00 p.m.  Plaintiffs' reply, if any, is due at 4:00 p.m., also on November 3, 2005.

Because no bond is necessary for purposes of effecting justice between the parties, and would cause undue hardship to the nonmembers, Plaintiffs shall not be required to post any additional bond in this case.

IT IS SO ORDERED.

DATED this 3rd day of November, 2005 at 10:00 a.m.

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE