UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DIANNE KNOX; WILLIAM L.
BLAYLOCK; ROBERT A. CONOVER;
EDWARD L. DOBROWOLSKI, JR;
KARYN GIL; THOMAS JACOB HASS;
PATRICK JOHNSON; JON JUMPER;
and R. PAUL RICKER, On Behalf
of Themselves and the Class
They Seek to Represent,
                              NO. CIV. S 05-2198 MCE KJM
      Plaintiffs,

  v.                                   ORDER

STEVE WESTLY, Controller,
State of California; and
CALIFORNIA STATE EMPLOYEES
ASSOCIATION, LOCAL 1000,
SERVICE EMPLOYEES
INTERNATIONAL UNION, AFL-CIO-
CLC,

      Defendants.

----oo0oo----

    The above entitled matter came before the Court upon Plaintiffs' concurrent requests for a Temporary Restraining Order and a Preliminary Injunction. Plaintiffs include state workers

1

that have elected not to become members or have resigned membership of Defendant California State Employees Association, Local 1000, Service Employees International Union, AFL-CIO, CLC ("CSEA"). Plaintiffs motions seek to restrain CSEA from seizing that portion of Plaintiffs' agency fees attributable to a special assessment ("Special Assessment") that was approved by a vote of the CSEA General Council delegates on or about August 27, 2005. The motions further request that the portion of agency fees seized from Plaintiffs on or about September 30, 2005, and October 31, 2005, be placed into the registry of the Court or a Court-supervised escrow account until further order of this Court.

On November 2, 2005, Plaintiffs filed a complaint with this court and concurrently requested the issuance of a Temporary Restraining Order. The Court held a hearing on Plaintiffs' request for a Temporary Restraining Order that same day. Plaintiffs' counsel appeared in person and counsel for defendant CSEA appeared telephonically. The Court granted the requested Temporary Restraining Order.

In light of the pending special election to be held in California on November 8, 2005, the Court set an expedited briefing schedule on the requested Preliminary Injunction and heard oral argument on the requested injunctive relief on November 4, 2005 at which counsel for all parties appeared. At the conclusion of oral argument, the Court made findings in open court bearing on the ultimate propriety of granting a preliminary injunction and, for the reasons set forth below, concluded that injunctive relief is not warranted in this case.

2

1   Plaintiffs salient contention is that CSEA imposed a twenty
2 five percent (25%) increase in nonmember state workers' agency
3 fees without satisfying the requisite constitutional protections
4 inherent in the First and Fourteenth Amendments.  For support,
5 Plaintiffs rely on Chicago Teachers Union, Local No. 1, AFT, AFL-
6 CIO, et. al., v. Hudson, et. al., 475 U.S. 292 (1986), wherein
7 the Supreme Court balanced the right of a union to require every
8 employee to contribute to the cost of collective-bargaining
9 activities against the right of objecting nonmembers to be free
10 from compulsory subsidization of ideological activities with
11 which they disagree.  Id. at 303 (citing Abood v. Detroit Board
12 of Education, 431 U.S. 209, 237 (1977).  In striking that
13 balance, the Court articulated a three part requirement which
14 protects the constitutional rights and interests of both unions
15 and individuals.  Specifically, in order for a union to
16 constitutionally seize funds from nonmember workers, the union
17 must provide an adequate explanation of the basis for the fee,
18 must provide a reasonably prompt opportunity to challenge the
19 amount of the fee before an impartial decision maker, and place
20 in escrow the amounts reasonably in dispute while such challenges
21 are pending.  Id. at 310.
22   In this instance, CSEA provided Plaintiffs with a notice of
23 proposed dues for 2005-2006 on June 30, 2005 ("June Hudson
24 Notice").  That notice, while certainly compliant with Hudson for
25 all regularly collected dues, did not expressly set forth the
26 Special Assessment imposed on all state workers, including
27 Plaintiffs, beginning September 30, 2005.  The question raised by
28 the imposition of this Special Assessment is whether the June

3

Hudson Notice was sufficient to satisfy the <u>Hudson</u> three part requirement as to the Special Assessment or whether this Special Assessment was so unusual as to require an additional <u>Hudson</u> notice.

A preliminary injunction is an extraordinary remedy, and Plaintiffs have the burden of proving the propriety of such a remedy by clear and convincing evidence. *See* <u>Granny Goose Foods, Inc. v. Teamsters</u>, 415 U.S. 423, 442 (1974). In order to warrant issuance of a preliminary injunction, a party must demonstrate either: 1) a combination of probable success on the merits and the possibility of irreparable injury; or 2) that serious questions are raised and the balance of hardships tips sharply in favor of granting the requested injunction. <u>Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.</u>, 240 F.3d 832, 839-40 (9th Cir. 2001). These two alternatives represent two points on a sliding scale, pursuant to which the required degree of irreparable harm increases or decreases in inverse correlation to the probability of success on the merits. <u>Roe v. Anderson</u>, 134 F.3d 140-0, 1402 (9th Cir. 1998); <u>United States v. Nutri-cology, Inc.</u>, 982 F.2d 1374, 1376 (9th Cir. 1985). Under either formulation of the test for granting a preliminary injunction, however, Plaintiffs must demonstrate a significant threat of irreparable injury. <u>Oakland Tribune, Inc. v. Chronicle Publ'g. Co.</u>, 762 F.2d 1374 (9th Cir. 1985).

Plaintiffs assert that the June Hudson Notice was constitutionally infirm because the Special Assessment constituted a twenty five percent (25%) fee increase and was allocated to purely political purposes in violation of

4

Plaintiffs' First Amendment rights.[1]  Plaintiffs go on to argue that if the Special Assessment is used for the purpose of speaking to specific political issues, they will be irreparably injured because their First Amendment right to free speech will be abridged.  CSEA rebuts that Hudson does not require additional notice for a mid-year change in agency fees.  Instead, CSEA argues that Hudson only requires unions to give a yearly notice based on proposed expenditures computed from the prior year's audited figures.  In addition, CSEA objects to Plaintiffs' contention that the Special Assessment is purely for political purposes.  Rather, CSEA avers that some of the Assessment will be expended for purposes chargeable to all state workers whether union members or not.  This being the case, CSEA argues that it, too, has a right to speak and enjoining them from doing so would abridge its First Amendment rights.

   The Supreme Court recognized that "...there are practical reasons why absolute precision in the calculation of the charge to nonmembers cannot be expected or required."  Hudson, 475 U.S. at 307, n. 18.  In the instant action, while the Special Assessment does depart from the figures presented to the Plaintiffs in the June Hudson Notice, such a departure is unquestionably permitted under the Hudson holding.  See id.
///

---

[1] The Special Assessment was set forth in a letter dated August 31, 2005, addressed to Local 1000 Members and Fair Share Fee Payers. (Plf.s' Exh. D)  Therein, CSEA explained that the Special Assessment would be used to "...create a Political Fight Back Fund."  Id.  The letter went on to provide that the Special Assessment would be used to "...defeat Proposition 76 and Proposition 75 on November 8."  Id.

5

In addition, Plaintiffs do not have a constitutional right to preclude Defendants from using their agency fees for certain expenses even when those expenses are clothed in political garb. See <u>Lehnert et. al., v. Ferris Faculty Assoc. et. al.,</u> 500 U.S. 507 (1991).

In sum, Plaintiffs have failed to show that the balance of hardships tips sharply in favor of granting the requested injunction.

## CONCLUSION

For the reasons set forth fully above, Plaintiffs motion for a preliminary injunction is DENIED.

IT IS SO ORDERED.

DATED: November 8, 2005

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE