UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DIANNE KNOX; WILLIAM L. BLAYLOCK; ROBERT A. CONOVER; EDWARD L. DOBROWOLSKI, JR.; KARYN GIL; THOMAS JACOB HASS; PATRICK JOHNSON; and JON JUMPER, On Behalf of Themselves and the Class They Seek to Represent,

      Plaintiffs,

   v.

STEVE WESTLY, Controller, State of California; and CALIFORNIA STATE EMPLOYEES ASSOCIATION, LOCAL 1000, SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO-CLC,

      Defendants.

NO. 2:05-CV-2198-MCE-KJM

ORDER

----oo0oo----

Through the present action, Plaintiffs, state employees, have sued Defendants Steve Westly and California State Employees Association, Local 1000, Service Employees International Union, AFL-CIO, CLC ("CSEA" or "the union").

///

1

Plaintiff Conover was a member of CSEA until he resigned his membership on October 1, 2005.  All other named Plaintiffs are and have been non-members of CSEA.[1]  Plaintiffs allege that Defendants violated their First and Fourteenth Amendment rights under 42 U.S.C. § 1983 by, inter alia, using Plaintiffs' monies to support political causes without providing the procedural safeguards required by *Chicago Teachers Union v. Hudson*, 475 U.S. 292 (1986).

Before the Court is Defendant CSEA's Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c).  For the reasons stated below, Defendant's Motion is granted with respect to Plaintiff Conover.[2]

**BACKGROUND**

Pursuant to the State Employer-Employee Relations Act ("SEERA"), Cal. Gov't Code §§ 3512-3524, Defendant CSEA is the exclusive bargaining agent for Plaintiffs and other state employees in Bargaining Units 1, 3, 4, 11, 14, 15, 17, 20, and 21.  CSEA acts as exclusive bargaining agent between the state and all state employees whether or not those employees elect to become union members.

---

[1] In its Answer, Defendant CSEA denies Plaintiffs' characterization of the employment status of Plaintiffs Thomas Hass and William Blaylock.  Because this Motion seeks dismissal of only Plaintiff Conover, the Court need not address this difference at the present time.

[2] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

1  Because both union and non-union state employees reap the
2 benefit of CSEA's collective bargaining activities, the
3 legislature has statutorily authorized CSEA to collect monthly
4 fees from all state employees irrespective of their union
5 affiliation.  Cal. Gov't Code § 3515.7.  As a result of this
6 authority, CSEA collects a monthly fee from non-union state
7 employees commonly known as a "fair share fee."  This fair share
8 fee is generally less than the membership fee paid by union
9 employees.
10  SEERA also prescribes the mechanism for collecting both
11 membership dues and fair share fees.  Defendant Westly, in his
12 capacity as State Controller, deducts these sums directly from
13 all state employees' paychecks and submits the monies to CSEA on
14 a monthly basis.
15  On or about August 27, 2005, CSEA delegates approved a
16 "temporary dues increase" of one-fourth of one percent of state
17 workers' salaries.  Plaintiffs allege that CSEA levied this
18 assessment solely to oppose certain ballot propositions in the
19 November 8, 2005, statewide special election.  On or about August
20 31, 2005, CSEA notified "Local 1000 Members and Fair Share Fee
21 Payers" of the assessment via letter.  The assessment began with
22 the September 30, 2005, pay period; the amount of $66.77 was
23 deducted from Plaintiff Conover's September paycheck.
24  On November 1, 2005, Plaintiffs brought this action,
25 alleging, inter alia, that Defendants violated their First
26 Amendment right of free speech by compelling them to subsidize
27 political speech with which they disagreed.
28 ///

3

The non-union Plaintiffs assert that CSEA failed to give them an adequate opportunity to object to the assessment, as constitutionally required. Plaintiff Conover, the only Plaintiff who was a member of CSEA at the time the special assessment was levied, asserts that CSEA failed to give him an adequate opportunity to resign and, as a non-member, to object to the fee increase.

On November 3, 2005, this Court granted Plaintiffs' Application for a Temporary Restraining Order and ordered that sums collected as a result of the special assessment be held in trust pending the Court's review of the merits of Plaintiffs' claims. On November 8, 2005, the Court denied Plaintiffs' Motion for a Preliminary Injunction and ordered that the sums in trust be immediately released.

Here, Defendant CSEA seeks partial judgment on the pleadings with respect to Plaintiff Conover. CSEA argues that, because it is a private organization and membership is voluntary, its alleged behavior toward Conover cannot, as a matter of law, constitute action under color of state law for purposes of 42 U.S.C. § 1983. In opposition, Plaintiffs contend that union membership is not truly voluntary, and that CSEA is so closely intertwined with the State that it acted under color of state law even with respect to its own members.

///
///
///
///
///

4

**STANDARD**

A motion for judgment on the pleadings pursuant to Rule 12(c) challenges the legal sufficiency of the opposing party's pleadings. *E.g. Westlands Water Dist. v. Bureau of Reclamation*, 805 F. Supp. 1503, 1506 (E.D. Cal. 1992). Any party may move for judgment on the pleadings after the pleadings are closed but within such time as to not delay trial. Fed. R. Civ. P. 12(c).

The standard for evaluating a motion for judgment on the pleadings is essentially the same as the standard applied to a Rule 12(b)(6) motion. *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). A motion for judgment on the pleadings should only be granted if, accepting as true all material allegations contained in the nonmoving party's pleadings, the moving party "clearly establishes that no material issue of fact remains to be resolved and that he [or she] is entitled to judgment as a matter of law." *Doleman v. Meiji Mut. Life Ins. Co.*, 727 F.2d 1480, 1482 (9th Cir. 1984); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989).

Judgment on the pleadings is also proper when there is either a "lack of cognizable legal theory" or the "absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

///
///
///

1   Courts have discretion to grant leave to amend in
2 conjunction with motions made pursuant to Rule 12(c).  *Moran v.*
3 *Peralta Cmty. Coll. Dist.*, 825 F. Supp. 891, 893 (N.D. Cal. 1993)
4 (citing *Amersbach v. City of Cleveland*, 598 F.2d 1033, 1038 (6th
5 Cir. 1979).  Generally, leave to amend a complaint is denied only
6 if it is clear that the deficiencies of the complaint cannot be
7 cured by amendment.  *DeSoto v. Yellow Freight Sys., Inc.*, 957
8 F.2d 655, 658 (9th Cir. 1992).
9
10                          **ANALYSIS**
11
12   A cause of action under 42 U.S.C. § 1983 may arise against
13 any person "who, under color of any statute, ordinance,
14 regulation, custom, or usage of any State," deprives another of a
15 constitutional right.  Section 1983's "color of state law"
16 requirement is equivalent to the requirement of "state action"
17 for Fourteenth Amendment purposes.  *Lugar v. Edmondson Oil Co.*,
18 457 U.S. 922, 935 (1982).  Therefore, as a matter of law a party
19 must allege some "state action" to sustain its § 1983 claim.
20   Although most rights secured by the Constitution are
21 protected only against infringements by the government, in
22 certain circumstances § 1983 liability extends to a private party
23 where the private party engaged in state action and thereby
24 deprived a plaintiff of a constitutional right.  *Brunette v.*
25 *Humane Soc'y of Ventura County*, 294 F.3d 1205, 1210 (9th Cir.
26 2002).
27 ///
28 ///

A private party engages in state action if "there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (internal citations omitted). The purpose of this requirement is to ensure that constitutional standards are applied only when "the State is *responsible* for the specific conduct of which the plaintiff complains." *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982).

Neither the Supreme Court nor the Ninth Circuit has decided the precise issue of whether a public employee union's interactions with its own members can constitute "state action."[3] However, courts have created a number of general tests to determine whether private behavior may be treated as that of the government. *See, e.g., Brentwood,* 531 U.S. at 296 (identifying a "host" of factors used by the Supreme Court in evaluating whether private conduct is state action). Defendant correctly advances three tests adopted by the Ninth Circuit: the "joint action" test, the "symbiotic relationship" test, and the "public function" test. *Brunette*, 294 F.3d at 1210. Alternatively, Plaintiffs urge the Court to employ the "coercive power/significant encouragement" test from *Blum v. Yaretsky*, 457 U.S. 991 (1982). This test is also appropriate, as it has been used in the Ninth Circuit post-*Brentwood*. *See Single Moms, Inc., v. Mont. Power Co.*, 331 F.3d 743, 747 (9th Cir. 2003).

---

[3] In its Motion, Defendant does not challenge Plaintiffs' legally cognizable claim that actions of a union vis-a-vis non-members may be state action.

A plaintiff need not prove that the defendant meets *all* the foregoing tests for "state action" to be found. Satisfaction of a single test is sufficient, so long as no countervailing factors exist. *Lee v. Katz*, 276 F.3d 550, 554 (9th Cir. 2002). In addition, the determination of a private-public nexus is "necessarily [a] fact-bound inquiry," *Brentwood*, 531 U.S. at 298; as noted above, for the purposes of this Motion, all facts are construed in favor of Plaintiffs.

Despite viewing all facts in a light most favorable to Plaintiff Conover, Plaintiff Conover's claims as a union member cannot stand. Under none of the four tests presented can a union's internal decision to raise fees be a "state action" for constitutional purposes.

**1.   Joint Action Test**

Private conduct may be joint action if private parties are willful participants with the government in an activity which deprives others of constitutional rights. *See Brunette*, 294 F.3d at 1211; *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). For the private party to be liable, its particular actions must be "inextricably intertwined" with those of the government; there must be "substantial cooperation" between the party and the government. *Brunette*, 294 F.3d at 1211 (citations omitted).

Plaintiffs do not allege any "substantial cooperation" between the government and the union that would satisfy the joint action test.

///

8

Plaintiffs do not aver any sort of conspiracy between CSEA and the State in the *discretionary* decision to levy the temporary assessment. Instead, Plaintiffs argue that the Controller's *ministerial* role in deducting the temporary assessment necessarily constitutes sufficient entwinement with the union to find state action. *See* Pl.'s Opp'n to Def.'s Mot. J. Plead. at 11.

The Court is not persuaded. SEERA explicitly authorizes CSEA, as the exclusive unit representative, to calculate a fair share fee. Cal. Gov't Code § 3515.7(b). SEERA also mandates that Defendant Westly, representing the state, "shall" deduct the fee and remit it to the union. *Id.* By carrying out the increase, Defendant Westly was executing his ministerial duty to collect union and fair share fees. Plaintiffs do not present any evidence that Defendant Westly was involved in CSEA's decision to raise fees, suggesting a purposive attempt to violate Plaintiffs' constitutional rights. Because a bare allegation of joint action without more will not overcome a motion to dismiss, Plaintiffs' claim of joint action cannot stand. *DeGrassi v. City of Glendora*, 207 F.3d 636, 647 (9th Cir. 2000).

**2.   Symbiotic Relationship Test**

A private entity may be liable as a state actor if the entity is in a "symbiotic relationship" with the government: "substantial coordination and integration between the private entity and the government are the essence of a symbiotic relationship." *Brunette*, 294 F.3d at 1213.

Significant financial integration may indicate a symbiotic relationship, especially if the private party confers "indispensable" financial benefits to the government. *Id.* Similarly, a symbiotic relationship may arise when the government exercises excessive control over the actions of an ostensibly private party. *Id.*

Plaintiffs do not allege, and the Court does not find, that CSEA conveys "indispensable" financial benefits to the state government. Nor is there any allegation of state interference in core union activities. Government officials do not participate in the union's key decisions, including the decision to levy the temporary assessment. The State does have regulatory authority over the union, but the fact that a private entity is subject to state regulation does not transform the entity's conduct into state action. *See Single Moms, Inc., v. Mont. Power Co.*, 331 F.3d 743, 748 (9th Cir. 2003). Accordingly, the Court does not find the symbiotic relationship test met.

**3.      Public Function Test**

A private party may become a state actor if it performs a public function, if that function is both traditionally and exclusively governmental. *Lee v. Katz*, 276 F.3d 550, 555 (9th Cir. 2002). Traditional state prerogatives might include holding elections, serving as an international peacekeeping force, or regulating free speech within a public forum, but do not include repairing fighter jets, educating youth, or resolving credit disputes. *Brunette*, 294 F.3d at 1214; *Lee*, 276 F.3d at 555.

1  CSEA's temporary assessment does not rise to the level of
2 becoming a public function.  Specifically, internal union
3 activities, such as dues assessments, are traditionally private,
4 not public, functions.  There is no tradition of government
5 officials dictating internal union policy.  Nor is the decision
6 to levy union fees an exclusive governmental function.  Instead,
7 union affairs are often, though not always, dealt with
8 internally.  Union members who have an internal grievance may
9 participate in union elections or may resign, as did Plaintiff
10 Conover.  Consequently, Accordingly, the Court does not find the
11 public function test met.

**4.     Coercive Power/Significant Encouragement**

15  Plaintiffs urge the Court to employ the "coercive power"
16 test of state action from *Blum v. Yaretsky*.  That test provides
17 as follows: "A State normally can be held responsible for a
18 private decision only when it has exercised coercive power or has
19 provided such significant encouragement, either overt or covert,
20 that the choice must in law be deemed that of the State."  *Blum
21 v. Yaretsky*, 457 U.S. 991, 1004 (1982); *see also Single Moms,
22 Inc., v. Mont. Power Co.*, 331 F.3d 743, 747 (9th Cir. 2003).
23  Plaintiffs' reliance on this test is unfounded.  Plaintiffs
24 make the novel argument that, because the government has conveyed
25 certain privileges to CSEA by statute, all of CSEA's actions bear
26 the imprimatur of state action.  *See* Pls.' Opp'n Def.'s Mot. J.
27 Pleadings at 12.  Plaintiffs' interpretation is overly broad.
28 ///

11

1 Rather, the coercive power must be applied to the specific
2 "private decision" for it to educe state action.  Plaintiffs
3 present no evidence suggesting that the State of California
4 coerced or encouraged CSEA to levy a temporary fee assessment.
5 Instead, Plaintiffs contend that the agency fee statutes
6 constitute such "significant encouragement" to CSEA that state
7 action must be found. By Plaintiffs' logic, any action by any
8 entity with state-delegated power or privileges would constitute
9 state action.  As a matter of law, Plaintiffs' argument cannot be
10 sustained.  There is no evidence that CSEA's decision to raise
11 fees was coerced or significantly encouraged by the State of
12 California.

## CONCLUSION

For the foregoing reasons, Defendant CSEA's Motion for Judgment on the Pleadings is granted with respect to Plaintiff Conover.

IT IS SO ORDERED.

DATED: August 15, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

12