UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DIANNE KNOX; WILLIAM L. BLAYLOCK; ROBERT A. CONOVER; EDWARD L. DOBROWOLSKI, JR.; KARYN GIL; THOMAS JACOB HASS; PATRICK JOHNSON; and JON JUMPER, On Behalf of Themselves and the Class They Seek to Represent,

        Plaintiffs,

    v.

STEVE WESTLY, Controller, State of California; and CALIFORNIA STATE EMPLOYEES ASSOCIATION, LOCAL 1000, SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO-CLC,

        Defendants.

NO. 2:05-CV-2198-MCE-KJM

ORDER

----oo0oo----

Through the present action, Plaintiffs, state employees, have sued Defendants Steve Westly and California State Employees Association, Local 1000, Service Employees International Union, AFL-CIO, CLC ("CSEA" or "the Union").

1

1    Plaintiffs allege that Defendants violated their First,
2 Fifth, and Fourteenth Amendment rights under 42 U.S.C. § 1983 by,
3 *inter alia*, using Plaintiffs' monies to support political causes
4 without satisfying the procedural safeguards compelled by *Chicago*
5 *Teachers Union v. Hudson*, 475 U.S. 292 (1986).
6    Before the Court is Plaintiffs' Motion for Class
7 Certification.  For the reasons stated below, Plaintiffs' Motion
8 is granted.

## BACKGROUND

10
11    The Court has already set forth a detailed factual
12 background for this action in its Order dated August 15, 2006,
13 which is incorporated by reference and need not be reproduced
14 herein.  Mem. & Order 2-4, August 15, 2006.  In that Order, the
15 Court granted the Union's Motion for Judgment on the Pleadings as
16 to Plaintiff Conover's claims as a Union member.  *Id.*  As a
17 result of that August 15, 2006, Order, Plaintiffs have withdrawn
18 that portion of their Motion seeking to certify Union members as
19 part of the class.  The Court agrees that, given the dismissal of
20 Plaintiff Conover's claims as a Union member, certification as to
21 a class consisting of Union members cannot be sustained.
22 Plaintiff Conover, however, was not himself dismissed in that
23 Order and remains a Plaintiff in this litigation as a non-union
24 Plaintiff.
25 ///
26 ///
27 ///
28 ///

**STANDARD**

A court may certify a class if a plaintiff demonstrates that all of the prerequisites of Federal Rule of Civil Procedure 23(a) have been met, and that at least one of the requirements of Federal Rule of Civil Procedure 23(b) have been met. *See* Fed. R. Civ. P. 23; *see also Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). Before certifying a class, the trial court must conduct a "rigorous analysis" to determine whether the party seeking certification has met the prerequisites of Rule 23. *Id.* at 1233. While the trial court has broad discretion to certify a class, its discretion must be exercised within the framework of Rule 23. *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001).

Rule 23(a) provides four prerequisites that must be satisfied for class certification: (1) the class must be so numerous that joinder of all members is impracticable, (2) questions of law or fact exist that are common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23(a). In addition, a plaintiff must establish one of the following: (1) that there is a risk of substantial prejudice from separate actions; (2) that declaratory or injunctive relief benefitting the class as a whole would be appropriate; or (3) that common questions of law or fact predominate and the class action is superior to other available methods of adjudication. *See* Fed. R. Civ. P. 23(b).

3

**ANALYSIS**

**1.   Numerosity**

As noted above, a class must be "so numerous that joinder of all members is impracticable" before the action is class certified.  Fed. R. Civ. P. 23(a).  A class numbering several thousand satisfies the numerosity requirement with ease.  *Baird v. Ca. Faculty Ass'n*, 2000 U.S. Dist. LEXIS 13594, *8 (D. Cal. 2000) (citations and quotations omitted).  Plaintiffs allege the class in this case is in the thousands and may be in the tens of thousands.  Compl. ¶ 12.  Such an allegation is sufficient to meet the numerosity requirement of Rule 23.

**2.   Commonality**

A class has sufficient commonality if there are "questions of law or fact common to the class."  Fed. R. Civ. P. 23(a)(2). The commonality preconditions of Rule 23(a)(2) are less rigorous than the companion requirements of Rule 23(b)(3).  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).  Indeed, Rule 23(a)(2) has been construed permissively.  *Id.*  All questions of fact and law need not be common to satisfy the rule. The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class.  *Id.*
///
///

4

Here, the core legal theory advanced by Plaintiffs is that each was deprived of his or her constitutional right to an adequate explanation of the use of the fee increase; notice of the right to object to and not pay for that portion of the increase being used on the ballot propositions, politics and other non-bargaining activities; a prompt opportunity to challenge the amount of the increase, if any, that the Union claims was spent on collective bargaining; and an escrow of the amount in dispute.  *See Hudson*, 475 U.S. at 307-10.

The foregoing allegations are plainly common questions of law as to all proposed class members.  Plaintiffs allege an identical right not to have their fair share fee seized without the protections afforded by *Hudson*.  Accordingly, the Court finds the requirement of commonality is met.

**3.   Typicality**

The typicality prerequisite of Rule 23(a) is fulfilled if "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3).  Under the rule's permissive standards, representative claims are "typical" if they are reasonably co-extensive with those of absent class members; they need not be substantially identical.  *Hanlon*, 150 F.3d at 1020.

CSEA vigorously contends that a class consisting of both objecting and non-objecting non-union members is insufficiently typical for class certification.

///

5

1  More precisely, CSEA contends that typicality does not exist
2  because there are defenses to liability that exist against the
3  class that do not exist against the named Plaintiffs.  CSEA
4  argues that both the objector and non-objector subclasses
5  received a *Hudson* notice in June 2005.  That notice, they allege,
6  specifically alerted all non-members that their fair share fee is
7  "subject to change without further notice to fee payers."  Compl.
8  ¶ 31.  Given the foregoing language being included in the June
9  *Hudson* notice, CSEA contends it will assert consent as a defense
10 to the non-objecting class members.  A defense that cannot, by
11 definition, exist against the objecting named Plaintiffs.

12      As an initial matter, the suggestion that actual objectors
13 cannot represent a class of potential objectors has already been
14 rejected in this District.  *See Friedman v. Cal. State Employees*
15 *Ass'n*, 163 LRRM (BNA) 2924, 2327 (E.D. Cal. 2000).  In addition,
16 the theory of Plaintiffs' case is that the June notice itself was
17 inadequate.  Under that theory, whether a party objected or did
18 not object is irrelevant because a requirement to object does not
19 arise until adequate notice has been given.  Consequently, the
20 Court finds sufficient typicality to certify the class.

**4.   Adequacy of Representation**

    The final hurdle interposed by Rule 23(a) is that "the
representative parties will fairly and adequately protect the
interests of the class."  Fed. R. Civ. P. 23(a)(4).
///
///

6

To satisfy constitutional due process concerns, absent class members must be afforded adequate representation before entry of a judgment which binds them. See *Hansberry v. Lee*, 311 U.S. 32, 42-43 (1940). Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class? See *Hanlon*, 150 F.3d at 1020 (citing *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978)).

Defendants here contend that the proposed class cannot be certified because of a conflict of interest. This conflict arises, they argue, because Plaintiffs are seeking punitive damages. During the oral argument before this Court, Plaintiffs clarified they were not seeking punitive damages and stipulated to amend their Complaint to remove any reference or claim for punitive damages. In light of this action by plaintiffs, CSEA's conflict of interest argument fails.

Further, the Ninth Circuit recently clarified that even had Plaintiffs not agreed to forego a pursuit of punitive damages, CSEA's argument would nonetheless have failed. This circuit does not favor denial of class certification on the basis of speculative conflicts. *See Cummings v. Connell*, 316 F.3d 886, 896 (9th Cir. 2003); *see also Blackie v. Barrack*, 524 F.2d 891, 909 (9th Cir. 1975) (noting that class members might have differing interests at later stages of litigation, but that "potential conflicts" do not present a valid reason for refusing to certify a class). Accordingly, the Court finds the

requirement of adequacy of representation satisfied.

**5.   Rule 23(b)(1)(A)**

A class action may be certified under this subsection if individual litigation would create the possibility of inconsistent adjudications that "would establish incompatible standards of conduct for the party opposing the class." Fed. R. Civ. P. 23(b)(1)(A).  Plaintiffs argue that all the proposed class members of potential objectors are owed the same duties under *Hudson* and that each, therefore, could bring an action to enforce his or her rights in either a state or federal forum. This scenario, Plaintiffs allege, would subject Defendants to a risk of incompatible standards of conduct as to their duties to members of the proposed class.  The Court agrees.  To the extent each state worker was entitled to a *Hudson* notice regarding the special assessment but did not receive that notice, each would have an independent cause of action for this alleged violation. Such a wide group of potential litigants could certainly give rise to incompatible standards of conduct.  Accordingly, the Court finds this action proper for class certification under Federal Rule of Civil Procedure 12(b)(1)(A).

**6.   Appointment of Class Counsel**

Plaintiffs request that W. James Young, a staff attorney employed by the National Right to Work Legal Defense Foundation, Inc., be appointed as class counsel pursuant to Federal Rule of Civil Procedure 23.

1  Defendants do not object to Plaintiffs' request or controvert in
2  any way Mr. Young's ability to fairly and adequately represent
3  the class.  In addition, Plaintiffs have provided sufficient
4  evidence that Mr. Young is competent to pursue this action on
5  behalf of the class.  In light of foregoing and the Court's
6  determination that Plaintiffs' Motion for Class Certification
7  should be granted, the Court hereby appoints Mr. Young as class
8  counsel.

## CONCLUSION

The Court hereby grants Plaintiffs' Motion for Class Certification.  The Court finds that the named Plaintiffs are adequate representatives of the class of individuals who pay compulsory fees to CSEA who are not members and who have, at one time or another, specifically objected to the use of their agency fees for politics or other non-bargaining activities.  The Court further finds that Plaintiff Conover is an adequate representative of the class of individuals who pay compulsory fees to CSEA who are not members and who have not at any time objected to the use of their agency fees for politics or other non-bargaining activities.

IT IS SO ORDERED.

DATED: October 31, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE