1  STEPHEN P. BERZON (SBN 46540)
   JEFFREY B. DEMAIN (SBN 126715)
2  PEDER J. THOREEN (SBN 217081)
   Altshuler, Berzon, Nussbaum,
3      Rubin & Demain
   177 Post Street, Suite 300
4  San Francisco, California  94108
   Telephone:  (415) 421-7151
5  Facsimile:  (415) 362-8064
   sberzon@altshulerberzon.com
6  jdemain@altshulerberzon.com
   pthoreen@altshulerberzon.com
7
   Attorneys for Defendant
8  Service Employees International Union,
   Local 1000

9

10                    IN THE UNITED STATES DISTRICT COURT

11                   FOR THE EASTERN DISTRICT OF CALIFORNIA

12

13  DIANNE KNOX; WILLIAM L. BLAYLOCK;  )   No. 2:05-CV-2198 MCE (KJM)
    ROBERT A. CONOVER; EDWARD L.       )
14  DOBROWOLSKI, JR.; KARYN GIL;       )
    THOMAS JACOB HASS; PATRICK         )   **[PROPOSED] STIPULATED**
    JOHNSON; AND JON JUMPER, ON BEHALF )   **PROTECTIVE ORDER RE:**
15  OF THEMSELVES AND THE CLASS THEY   )   **SALARY INFORMATION**
    SEEK TO REPRESENT,                 )
16                                     )   (WITH COURT'S MODIFICATIONS)
              Plaintiffs,              )
17                                     )
         v.                            )
18                                     )
    STEVE WESTLY, Controller, State of )
19  California; AND CALIFORNIA STATE   )
    EMPLOYEES ASSOCIATION, LOCAL 1000, )
20  SERVICE EMPLOYEES INTERNATIONAL    )
    UNION, AFL-CIO-CLC,                )
21                                     )
              Defendants.              )
22  _____)

23       For good cause shown, the Court hereby orders that this Protective Order be entered in
24  this action pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, which shall apply to
25  the parties in this action, their officers, agents, servants, employees, and attorneys, and those
26  persons in active concert or participation with them who receive actual notice of this order by
27  personal service or otherwise, as follows:
28

1        1.      <u>Confidential Information</u>.  In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, regardless of how such information is embodied (collectively "information"), as "CONFIDENTIAL" under the terms of this Protective Order (hereinafter "Order"), to the extent that it constitutes, contains, or concerns evidence of the rates, or total amounts, of wages and/or salaries received by union employees and union members, including but not limited to calculations of salaries or wages on an hourly, daily, bi-weekly or any other basis, and/or the amount of any overtime premiums paid to union employees and union members.  The parties agree that disclosure of such information outside the scope of this Order is likely to cause serious annoyance, embarrassment, and/or oppression within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure.  *See Fischer v. United Parcel Serv.*, 2006 WL 1046973 (E.D. Mich. Apr. 19, 2006) (affirming, in relevant part, magistrate judge's order requiring production of salary information subject to a protective order); *Crafton v. Blaine Larson Farms, Inc.*, 2006 WL 343250, at *3 (D. Idaho Feb. 13, 2006) (acknowledging confidential nature of financial documents, including salary information, and ordering parties to agree to a protective order to preserve confidentiality of that information); *Peskoff v. Faber*, 230 F.R.D. 25, 33 (D.D.C. 2005) (salary information covered by protective order where disclosure would damage reputation or invade privacy); *Smith v. County of Chicago*, 2005 WL 3215572, at *2 (N.D. Ill. Oct. 31, 2005) (good cause exists for protective order prohibiting disclosure of salaries and rates of pay); *Sprint Telephony PCS, L.P. v. County of San Diego*, 2004 WL 1234139, at *4 (S.D. Cal. June 1, 2004) (protective order permitting designation of salary information, among other information, as "Confidential-Attorneys' Eyes Only"); *Jacobs v. Sea-Land Servs., Inc.*, 1980 WL 141, at *1 (N.D. Cal. Feb. 22, 1980) ("Defendant is entitled to a Protective Order limiting dissemination of salary information.").

        2.      <u>Use of Confidential Materials</u>.  Information designated CONFIDENTIAL, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as CONFIDENTIAL (collectively "CONFIDENTIAL MATERIAL") shall be used by the parties to whom such information is produced solely for conduct of this litigation, and

1  not for any other purpose.  CONFIDENTIAL MATERIAL shall not be disclosed to anyone
2  except as provided in this Order.  Nothing in this Order shall prevent or limit any party from
3  using or disclosing its own CONFIDENTIAL INFORMATION for any purpose.  Any party
4  may consent to have <u>material</u> previously designated or requested to be designated by it as
5  CONFIDENTIAL pursuant to this Order removed from the scope of this Order by so notifying
6  the other parties in writing or by so stating on the record at any hearing or deposition.

7        3.     <u>Marking Materials as Confidential</u>.  CONFIDENTIAL MATERIAL may be
8  designated CONFIDENTIAL by marking each page of such documents or by providing the
9  bates numbers of the CONFIDENTIAL MATERIAL to counsel for the non-producing parties.

10       4.     <u>Deposition Testimony</u>.  Testimony taken at a deposition may be designated
11 CONFIDENTIAL by a party by making a statement to that effect on the record at the
12 deposition.  Arrangements shall be made with the court reporter taking and transcribing such
13 deposition to separately bind such portions of the transcript containing information designated
14 as CONFIDENTIAL, and to label such portions separately.  Deposition testimony and exhibits
15 may also be designated CONFIDENTIAL within thirty days of receipt of a deposition
16 transcription, and until the end of thirty days following receipt of the transcript the entire
17 deposition shall be treated as CONFIDENTIAL.

18       5.     <u>Disclosure of Confidential Materials</u>.  CONFIDENTIAL MATERIAL produced
19 pursuant to this Order may be disclosed or made available only to in-house and outside counsel
20 for a party (including the paralegal, clerical, and secretarial staff retained by such counsel)
21 necessarily involved in the conduct of this action, and to the "QUALIFIED PERSONS"
22 designated as follows:

23     (a)    the parties and their officers, directors, employees, and representatives
24 (including inside and outside counsel) who have an actual, good-faith need for such
25 information to aid in the prosecution, defense, or settlement of this action;

26     (b)    experts or consultants (together with their clerical staff) retained by such
27 counsel who have an actual, good-faith need for such information to assist in the prosecution,
28 defense, or settlement of this action and who have agreed to be bound by this Order;

[PROPOSED] STIPULATED PROTECTIVE ORDER RE: SALARY INFORMATION
*Knox, et al. v. Westly, et al.*, Case No. 2:05-CV-2198 MCE (KJM)      3

1    (c)     the Court, jury, court personnel, court reporter(s), and similar personnel
2 involved in this action;

3    (d)     a witness at any deposition or other proceeding in this action, but only to the
4 extent reasonably necessary for preparation of that person's testimony or to the extent
5 necessary for the questioning of said person, and who have agreed to be bound by this Order;
6 and

7    (e)     any other person as to whom the parties in writing agree or who otherwise is
8 designated by the Court in the interest of justice, and who has agreed to be bound by this Order.

9    6.    <u>Parties and Persons Bound by Order</u>.  All QUALIFIED PERSONS as defined in
10 Sections 5(a) ~~and 5(c)~~ shall be bound by this Order by its terms.  Prior to receiving, being
11 shown or using any CONFIDENTIAL MATERIAL, those QUALIFIED PERSONS as defined
12 in Sections 5(b), (d), and (e) shall be provided with a copy of this Order and shall execute a
13 nondisclosure agreement in the form of Appendix A, which shall be retained by counsel for a
14 party providing the CONFIDENTIAL MATERIAL to such QUALIFIED PERSON.  If a
15 deponent refuses to execute such a nondisclosure agreement, disclosure of such information to
16 the deponent shall not constitute a waiver of the designation of the information as
17 CONFIDENTIAL.  Under such circumstances, the deponent shall be required to exercise the
18 right to sign the original deposition transcript in the presence of the court reporter and no copy
19 of the transcript or related exhibits shall be given to the deponent.

20    7.    <u>Filing Under Seal; Use in Court</u>.  If CONFIDENTIAL MATERIAL, including
21 any portion of a deposition transcript designated as CONFIDENTIAL, is included in or as a
22 part of any papers to be filed in Court, such papers shall be labeled "CONFIDENTIAL –
23 SUBJECT TO COURT ORDER" and <u>be made the subject of a request to</u> file~~d~~ under seal
24 pursuant to Local Rule 39-141.~~, and the Court by this Order hereby permits the parties to this~~
25 ~~Order to file such papers under seal.  In the event that any CONFIDENTIAL RECORDS~~
26 ~~AND/OR CONFIDENTIAL MATERIAL are included in or as part of any papers filed with the~~
27 ~~Court under seal pursuant to this Order, copies of such papers shall be provided directly to the~~
28 ~~Court's chambers~~.  If any party seeks to use at trial or at any Court hearing in this matter any

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER RE: SALARY INFORMATION
*Knox, et al. v. Westly, et al.*, Case No. 2:05-CV-2198 MCE (KJM)                                    4

CONFIDENTIAL MATERIAL, including any portion of a deposition transcript designated as CONFIDENTIAL, that party shall give sufficient prior notice to the other parties of its intent to do so to permit any of those parties to move the Court for an order that the evidence be received *in camera*, under seal, or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should ~~continue to~~ be treated as ~~covered by this Order~~ requested and, if so, what protection, if any, may be afforded to such information.

8. <u>No Effect of Use in Proceeding</u>.  In the event that any CONFIDENTIAL MATERIAL is used in any court proceeding in this action, it shall not lose its CONFIDENTIAL status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

9. <u>Third-Party Request for Disclosure</u>.  In the event that any person who has obtained CONFIDENTIAL MATERIAL receives a subpoena, other process or order in another action to produce or disclose CONFIDENTIAL MATERIAL, the recipient shall promptly provide counsel for all parties with written notice thereof (including a copy of the subpoena, other process or order, or Freedom of Information Act request) to enable them to take whatever action they deem appropriate, including seeking a protective order in the other action or filing suit to prevent disclosure.

10. <u>Effect of Order</u>.  Entering into, agreeing to and/or complying with the terms of this Order shall not:

(a) affect in any way the right of any party to object to the production of documents or information it considers not subject to discovery and/or privileged against disclosure or to seek from the Court a determination of whether particular designated material should be produced; or

(b) affect in any way the right of any party to apply to the Court to rescind or modify the terms of this Order, or to move the Court for a further protective order.

(c) constitute an admission or agreement as to the authenticity or relevancy of any document or other information as CONFIDENTIAL.

1  11. <u>Inadvertent Disclosure</u>.  The inadvertent or unintentional disclosure to another
2  party or its counsel of CONFIDENTIAL MATERIAL, regardless of whether the material was
3  so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a
4  claim that such material is covered by this Order.  In the event of inadvertent or unintentional
5  disclosure of CONFIDENTIAL MATERIAL, the party seeking coverage by this Order shall
6  give prompt notification to counsel for the other parties after learning of an inadvertent or
7  unintentional disclosure, and shall provide said counsel with new copies of the inadvertently or
8  unintentionally produced documents, re-marked as "CONFIDENTIAL."  The material
9  inadvertently or unintentionally produced without such designation shall then be returned
10 promptly to the party that produced it.

11  12. <u>Challenge to Designation</u>.  In the event that any party believes in good faith that
12 information designated CONFIDENTIAL MATERIAL does not merit such designation
13 pursuant to the terms of this Order and Federal Rule of Civil Procedure 26(c), it shall provide
14 all other counsel with written notice specifying the basis for such belief.  The party that
15 designated the material CONFIDENTIAL shall, not more than ten (10) court days after receipt
16 of such notice, respond in writing and either agree to withdraw the designation or specify the
17 basis for the designation.  Thereafter, counsel for the parties shall meet and confer to attempt to
18 resolve the dispute.  If agreement cannot be reached, the party challenging the designation may
19 move the Court for relief with respect to the designation of such information and shall bear the
20 burden of establishing that such information should not be so designated.  If the challenging
21 party so moves the Court, the restrictions of this Order with respect to such information shall
22 continue to apply unless and until the Court grants the motion.

23  13. <u>Purpose of this Order</u>.  This Order is entered solely for the purpose of
24 facilitating the exchange of documents and information between the parties to this action
25 without involving the Court unnecessarily in the process.  Nothing in this Order nor the
26 production of any information or documents under the terms of this Order nor any proceeding
27 pursuant to this Order shall be deemed to have the effect of any admission or waiver by either
28

1   party or of altering the confidentiality or non-confidentiality of any such document or information.

2         14.    <u>Additional Parties</u>.  In the event that any additional persons or entities become

3   parties to this action, neither they nor their counsel shall have access to CONFIDENTIAL

4   MATERIAL produced by the parties or any non-parties or other witnesses until the newly-

5   named party, by its or his or her counsel, and the existing parties to this action have so agreed

6   in a Supplemental Protective Order executed by all parties and entered by the Court.

7         15.    <u>Survival of the Order</u>.  This Order shall survive the final termination of this

8   action, to the extent that the information contained in CONFIDENTIAL MATERIAL is not or

9   does not become known to the public, and the Court shall retain jurisdiction to resolve any

10  dispute concerning the use of information disclosed hereunder.

11        16.    <u>Return and Destruction</u>.  Upon termination of this action, one complete set of

12  the materials covered by this Order shall be returned to counsel for the producing party, and

13  any other copies shall be destroyed or returned to counsel for the producing party.  Within

14  forty-five days of the termination of this action, counsel for the parties shall certify that all

15  CONFIDENTIAL MATERIAL has either been returned to the producing party or destroyed.

16  Because this case seeks an award under 42 U.S.C. Section 1988, and because the provisions of

17  this paragraph may require that work be performed by Plaintiffs' counsel subsequent to the

18  entry of judgment and any such award, the parties agree and stipulate that Defendant Local

19  1000 shall – if such award is made – pay any actual attorneys' fees reasonably incurred in

20  performing the duties imposed by this paragraph at the rate awarded by the Court, limited to no

21  more than $1,000.  Plaintiffs' counsel will utilize clerical staff in performing the duties

22  imposed by this paragraph, to the extent appropriate, supervised by attorneys.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

[PROPOSED] STIPULATED PROTECTIVE ORDER RE: SALARY INFORMATION
*Knox, et al. v. Westly, et al.*, Case No. 2:05-CV-2198 MCE (KJM)                                           7

1  IT IS SO STIPULATED.

2  Dated: November 30, 2006

    W. James Young
    c/o NATIONAL RIGHT TO WORK
      LEGAL DEFENSE FOUNDATION, INC.
    8001 Braddock Road, Suite 600
    Springfield, VA 22160
    Telephone: (703) 321-8510
    Facsimile:  (703) 321-9319

    Steven R. Burlingham (SBN 88544)
    GARY, TILL & BURLINGHAM
    5330 Madison Avenue, Suite F
    Sacramento, California  95841
    Telephone:  (916) 332-8122
    Facsimile:  (916) 332-8153

    by:_____/s/ W. James Young_____

    Attorney for Plaintiffs and the Class

Dated: November 30, 2006

    Stephen P. Berzon
    Jeffrey B. Demain
    Peder J. Thoreen
    ALTSHULER, BERZON, NUSSBAUM,
      RUBIN & DEMAIN
    177 Post Street, Suite 300
    San Francisco, California  94108
    Telephone:  (415) 421-7151
    Facsimile:  (415) 362-8064

    by:_____/s/ Jeffrey B. Demain_____

    Attorneys for Defendant Service
    Employees International Union, Local 1000

IT IS SO ORDERED.

Dated: November 30, 2006.

    _____
    U.S. MAGISTRATE JUDGE

[PROPOSED] STIPULATED PROTECTIVE ORDER RE: SALARY INFORMATION
*Knox, et al. v. Westly, et al.*, Case No. 2:05-CV-2198 MCE (KJM)

8