JEFFREY B. DEMAIN (SBN 126715)
PEDER J. THOREEN (SBN 217081)
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, California 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
jdemain@altshulerberzon.com
pthoreen@altshulerberzon.com

Attorneys for Defendant
Service Employees International Union,
Local 1000

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANNE KNOX; WILLIAM L. BLAYLOCK; EDWARD L. DOBROWOLSKI, JR.; KARYN GIL; THOMAS JACOB HASS; PATRICK JOHNSON; AND JON JUMPER, ON BEHALF OF THEMSELVES AND THE CLASS THEY SEEK TO REPRESENT,<br><br>    Plaintiffs,<br><br>    v.<br><br>STEVE WESTLY, Controller, State of California; AND CALIFORNIA STATE EMPLOYEES ASSOCIATION, LOCAL 1000, SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO-CLC,<br><br>    Defendants. | No. 2:05-CV-2198 MCE (KJM)<br><br>**THIRD JOINT STIPULATED REQUEST OF ALL PARTIES TO CONTINUE TRIAL DATES PENDING RESOLUTION OF CROSS-MOTIONS FOR SUMMARY JUDGMENT; ORDER THEREON**<br><br>Date: N/A<br>Time: N/A<br>Judge Hon. Morrison C. England, Jr.<br>Place: Courtroom 3<br>        15th Floor |

All of the parties to the above-captioned case[1] hereby jointly request the Court to continue the scheduled dates of 30 November 2007, for the submission of the Joint Pretrial Statement, 14 December 2007, for the Final Pretrial Conference, and 14 January 2008, for the Bench Trial (hereinafter referred to collectively as the "Trial Dates"), pending the Court's resolution of the cross-motions for summary judgment filed by Plaintiffs and Defendant Service Employees International Union Local 1000 (hereinafter "Local 1000"). In support of this request, the parties stipulate to the following facts, which demonstrate good cause for their request:

1. In July 2007, Plaintiffs filed a Motion for Summary Judgment and Local 1000 filed a Motion for Partial Summary Judgment. Hearing on the motions was set for 17 August 2007.

2. On 16 August 2007, the Court issued a Minute Order submitting the parties' pending motions for disposition without oral argument, vacating the noticed hearing date.

3. As of the time of this Stipulation, the parties' motions for summary judgment remain pending, awaiting decision by the Court.

4. Under the current case schedule, the parties' Joint Pretrial Statement is due to be filed on 30 November 2007, the Joint Pretrial Conference is scheduled for 14 December 2007, and Bench Trial is scheduled for 14 January 2008. *See* Docket No. 136 (Minute Order).

5. For the following reasons, it is not practicable for the parties to prepare a Joint Pretrial Statement until the pending motions are resolved, and moreover it would not serve the interests of judicial economy for them to attempt to do so:

> (a) First, it is possible that the case may be resolved in its entirety on summary judgment. The fact that both Plaintiffs and Local 1000 have stated to the Court that this entire case is suitable for resolution on summary judgment is a strong indication that the case may be so resolved without the need for a trial. In the event that the case is resolved entirely on the pending motions, any expenditure of the parties' time and resources to prepare a Joint Pretrial Statement would be unnecessary. Similarly, any time that the Court would spend in reviewing such a

---

[1] In November 2006, John Chiang was elected to serve as California State Controller, succeeding defendant Steve Westly. Mr. Chiang is automatically substituted as a defendant in place of Mr. Westly, pursuant to Rule 25(d), FED.R.CIV.P.

*Knox, et al. v. Westly, et al.*, Case No. 2:05-CV-2198 MCE (KJM)                                                        1

1. Statement and in conducting the Pretrial Conference would be unnecessary.  Judicial economy therefore favors awaiting the resolution of the pending motions before beginning the process of the Pretrial Statement and Conference, and active trial preparation.

   (b)   Even if the case is not fully resolved on the pending motions, their resolution will determine the scope of the issues remaining for trial.  For that reason, the parties cannot practicably prepare a Joint Pretrial Statement until those motions are resolved.  Similarly, until the disposition of those motions is known, the parties cannot practicably prepare the Joint Pretrial Statement – which requires them to set forth which facts are undisputed, which facts are disputed – what exhibits will be introduced, the substance of anticipated witness testimony, *etc*.  The parties would simply be "operating in the dark" with regard to the Joint Pretrial Statement, until the scope of the trial (if any trial is necessary) is revealed by the Court's resolution of the pending motions.

6. As of the date of the filing of this Joint Stipulated Request, there are only thirteen days remaining before the Joint Pretrial Statement is due to be filed.  The parties agree, and respectfully submit, that even if the Court were to issue its summary judgment ruling soon, there would not be sufficient time remaining to prepare the required filings because the scope of those filings will be directly affected by the Court's disposition of the pending motions.  For that reason, the parties respectfully request the Court to continue the Trial Dates for some period certain after the Court resolves the pending motions (the parties suggest six weeks), and vacate the 14 January 2008, Bench Trial date (to be rescheduled in consultation with the parties), in order to permit the parties sufficient time to prepare those filings, if necessary.

   Therefore, on the basis of the foregoing showing of good cause, which is stipulated between them, the parties respectfully request the Court to continue the Trial Dates pending resolution of the cross-motions for summary judgment.  Additionally, to the extent that it is necessary to reschedule the Trial Dates after resolution of the summary judgment motions (*i.e.*, if resolution of those motions does not dispose of the case entirely), the parties further respectfully request that the Court reschedule those dates so that the Joint Pretrial Statement is due no earlier than six weeks after the summary judgment

1 ruling is issued, so that the parties may have sufficient time to prepare that Statement, and reschedule the
2 Bench Trial date in consultation with the parties.

                                    Respectfully submitted,

JEFFREY B. DEMAIN
PEDER J. THOREEN
Altshuler Berzon LLP

Dated:  November 8, 2007.        By:\_\_\_\_/s/ Jeffrey B. Demain_____
                                            Jeffrey B. Demain

Attorneys for Defendant
Service Employees International Union, Local 1000

W. JAMES YOUNG, Esq. (admitted *pro hac vice*)
c/o National Right to Work Legal Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia  22160
(703) 321-8510

STEVEN R. BURLINGHAM, Esq.
California Bar No. 88544
Gary, Till & Burlingham
5330 Madison Avenue, Suite F
Sacramento, California  95841
(916) 332-8122
Facsimile — (916) 332-8153

Dated:  November 8, 2007.        By: /s/ W. James Young (as authorized on Nov. 8, 2007)
                                            W. James Young

Attorneys for Plaintiffs and the Classes They Represent


EDMUND G. BROWN JR., Attorney General
CHRISTOPHER E. KRUEGER,
    Senior Assistant Attorney General
DOUGLAS J. WOODS (SBN 161531),
    Supervising Deputy Attorney General
1301 I Street
P.O. Box 944255
Sacramento, California  94244-2550
Telephone:     (916) 324-4663
Fax:                (916) 324-5567
Email:            Douglas.Woods@doj.ca.gov

Dated:  November 8, 2007.        By: /s/ Douglas J. Woods (as authorized on Nov. 8, 2007)
                                            Douglas J. Woods

Attorneys for Defendant John Chiang

**ORDER**

IT IS SO ORDERED. The previously-scheduled dates of 30 November 2007, for the submission of the Joint Pretrial Statement, and 14 December 2007, for the Final Pretrial Conference, are hereby vacated and continued until such later dates as shall be ordered by the Court, if necessary, after the resolution of the pending summary judgment motions. The 14 January 2008, Bench Trial, is vacated, to be rescheduled in consultation with the parties after resolution of the pending motions.

Dated: November 9, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE