JEFFREY B. DEMAIN (SBN 126715)
PEDER J. THOREEN (SBN 217081)
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, California 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
jdemain@altshulerberzon.com
pthoreen@altshulerberzon.com

Attorneys for Defendant
Service Employees International Union,
Local 1000

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANNE KNOX; WILLIAM L. BLAYLOCK; EDWARD L. DOBROWOLSKI, JR.; KARYN GIL; THOMAS JACOB HASS; PATRICK JOHNSON; AND JON JUMPER, ON BEHALF OF THEMSELVES AND THE CLASS THEY SEEK TO REPRESENT,<br><br>Plaintiffs,<br><br>v.<br><br>STEVE WESTLY, Controller, State of California; AND CALIFORNIA STATE EMPLOYEES ASSOCIATION, LOCAL 1000, SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO-CLC,<br><br>Defendants. | No. 2:05-CV-02198 MCE (KJM)<br><br>**STIPULATION OF ALL PARTIES FOR STAY PENDING APPEAL; ORDER THEREON**<br><br>Date:  N/A<br>Time:  N/A<br>Judge  Hon. Morrison C. England, Jr.<br>Place:  Courtroom 3<br>            15th Floor |

**STIPULATION**

All of the parties to the above-captioned case[1/] hereby stipulate to a stay of the remedy ordered by the Court in its Memorandum and Order of March 28, 2008 (Docket No. 139), and incorporated into its Judgment in a Civil Case of the same date (Docket No. 140), pending exhaustion or abandonment of appellate remedies, pursuant to the Court's authority under Federal Rule of Civil Procedure 62(c). In support thereof, Defendant Service Employees International Union Local 1000 (hereinafter "Local 1000") shows as follows:

1. Local 1000 intends to appeal this Court's Judgment in this case to the Ninth Circuit.

2. The remedy ordered by this Court requires Local 1000 to issue, within 60 days after the date of the Court's Order, a *Hudson* notice regarding the 2005 temporary fee increase to the fee payers, afford them a new opportunity to object to paying the non-chargeable portion of that increase for the period from September 2005 through June 2006, and refund to all such objectors the non-chargeable portion, with interest. *See* Memorandum and Order (Docket No. 139) at 27.

3. Local 1000's new *Hudson* notice is required to be issued, under the Court's March 28, 2008 Order, on or before May 27, 2008.

4. The Ninth Circuit will clearly not be able to resolve Local 1000's anticipated appeal prior to May 27, 2008.

5. If Local 1000 is required to comply with this Court's March 28 Order by issuing a new *Hudson* notice and providing refunds to fee payers who submit objections in response thereto, it will have provided all of the relief that this Court has ordered and its appeal may thereby be mooted, at least in part. Once Local 1000 has issued a new *Hudson* notice and provided refunds, the Ninth Circuit would be unable to reverse or otherwise "undo" that sequence of events even if it were to sustain Local 1000's appeal and reverse this Court's Order. Similarly, under this scenario, Local 1000 would have no way to recover the refunds it would have paid to the fee payers. Thus, in order to preserve the Ninth Circuit's ability to adjudicate the appeal and provide effective relief should it sustain the appeal, in other words, to

---

[1/] In November 2006, John Chiang was elected to serve as California State Controller, succeeding defendant Steve Westly. Mr. Chiang is automatically substituted as a defendant in place of Mr. Westly, pursuant to Federal Rule of Civil Procedure 25(d).

STIP. FOR STAY PENDING APPEAL; [PROP.] ORDER
*Knox, et al. v. Westly, et al.*, Case No. 2:05-CV-2198 MCE (KJM)

1

preserve Local 1000's right to obtain effective appellate review, this Court's Order should be stayed pending the exhaustion or abandonment of appellate remedies. *See, e.g., Providence Journal Co. v. FBI*, 595 F.2d 889, 890 (1st Cir. 1979) (staying mandatory injunction pending appeal where compliance with injunction would destroy appellants' rights to secure meaningful appellate review of district court's decision); *Alexander v. Chesapeake, Potomac and Tidewater Books*, 190 F.R.D. 190, 194 (E.D. Va. 1999) (staying mandatory injunction pending appeal where compliance with injunction would have been irreversible); *Miller v. LaSea Broadcasting, Inc.*, 927 F. Supp. 1148, 1152 (E. D. Wis. 1997) (staying, pending appeal, mandatory injunction requiring sale of television station where "[i]t could be difficult, if not impossible, to undo the sale" if the injunction were reversed on appeal). For that reason, a stay is well warranted, especially since Local 1000 has (at the least) raised serious legal questions going to the merits of the case, in light of the novelty of the central question raised by the lawsuit and in light of the Northern District of California's decision in *Liegmann v. California Teachers Ass'n*, 2006 WL 1795123 (N.D. Cal. June 28, 2006).

      6. Federal Rule of Civil Procedure 62(c) gives this Court the authority to stay its judgment pending appeal, permitting the Court to "suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights."

      7. Stays of remedial orders pending appeal are frequently granted in fair share fee cases. Indeed, in the last two such cases from this Court that were appealed to and resolved by the Ninth Circuit, *Wagner v. Prof'l Eng'rs in Cal. Government*, 354 F.3d 1036 (9th Cir. 2004), and *Cummings v. Connell*, 316 F.3d 886 (9th Cir. 2003), this Court entered stays pending appeal.

      The undersigned parties hereby stipulate that the Court should stay its March 28, 2008 Memorandum and Order, and the Judgment thereon, pending the exhaustion or abandonment of all appellate remedies, and that there is good cause for such a stay as set forth above. The undersigned parties also stipulate that if this Court enters an Order for nominal damages in the amount of $1.00 per class member, as requested in Plaintiffs' pending motion for partial reconsideration (Docket No. 141), Local 1000 should be ordered to post security to stay such an award pending appeal, pursuant to Eastern District Local Civil Rule 65.1-151, and that the appropriate amount of security for such an award would

1  be $35,000 (28,000 class members times 125%, pursuant to Eastern District Local Civil Rule 65.1-
2  151(d)).
3      The undersigned parties hereby respectfully request the Court to issue the [Proposed] Order set
4  forth below granting the stay discussed herein.
5      The foregoing is so stipulated and agreed by the undersigned parties.

6                                          Respectfully submitted,

7                                          JEFFREY B. DEMAIN
                                           PEDER J. THOREEN
8                                          Altshuler Berzon LLP

9   Dated:  April 15, 2008.              By:     /s/ Jeffrey B. Demain
10                                                Jeffrey B. Demain

11                                         Attorneys for Defendant
                                           Service Employees International Union, Local 1000
12

13                                         W. JAMES YOUNG, Esq. (admitted *pro hac vice*)
                                           c/o National Right to Work Legal Defense Foundation, Inc.
14                                         8001 Braddock Road, Suite 600
                                           Springfield, Virginia  22160
15                                         (703) 321-8510

16                                         STEVEN R. BURLINGHAM, Esq.
                                           California Bar No. 88544
17                                         Gary, Till & Burlingham
                                           5330 Madison Avenue, Suite F
18                                         Sacramento, California  95841
                                           (916) 332-8122
19                                         Facsimile — (916) 332-8153

20  Dated:  April 15, 2008.              By:  /s/ W. James Young (as authorized on April 12, 2008)
21                                                W. James Young

22                                         Attorneys for Plaintiffs and the Classes They Represent

23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

STIP. FOR STAY PENDING APPEAL; [PROP.] ORDER
*Knox, et al. v. Westly, et al.*, Case No. 2:05-CV-2198 MCE (KJM)                    3

EDMUND G. BROWN JR., Attorney General
CHRISTOPHER E. KRUEGER,
   Senior Assistant Attorney General
DOUGLAS J. WOODS (SBN 161531),
   Supervising Deputy Attorney General
1301 I Street
P.O. Box 944255
Sacramento, California  94244-2550
Telephone:   (916) 324-4663
Fax:   (916) 324-5567
Email:   Douglas.Woods@doj.ca.gov

Dated: April 15, 2008.

By: /s/ Douglas J. Woods (as authorized on April 14, 2008)
   Douglas J. Woods

Attorneys for Defendant John Chiang

## ORDER

IT IS SO ORDERED.  The remedy ordered in this Court's Memorandum and Order of March 28, 2008 (Docket No. 139), incorporated into its Judgment in a Civil Case of the same date (Docket No. 140), is hereby stayed pending exhaustion or abandonment of all appellate remedies.  If the Court subsequently orders any additional remedy in response to Plaintiffs' pending post-judgment motions (Docket No. 141), such additional remedy shall also be stayed pending exhaustion or abandonment of all appellate remedies.  If any such additional remedy includes money damages, Defendant Service Employees International Union Local 1000 shall apply to this Court for approval of security to stay that damage award pending appeal.

Dated: April 17, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE